1  Jeremy Sugerman, Esq., SBN 146315
2  Jeanette E. Haggas, Esq., SBN 244713
   **GORDON-CREED, KELLEY,**
3  **HOLL & SUGERMAN, LLP**
   222 Kearny Street, Suite 650
4  San Francisco, California  94108
   Telephone:  (415) 421-3100
5  Facsimile:  (415) 421-3150
6  Email: sugerman@gkhs.com
           haggas@gkhs.com
7  Attorneys for Defendant
   GEOFFREY BYRUCH
8

9
                    **UNITED STATES DISTRICT COURT**
10
               **CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE**
11
   JOHN LEUFRAY,                          ) CASE NO. CV 11-01700 VAP(CWx)
12                                         )
                     Plaintiff,            )
13                                         ) **ANSWER TO PLAINTIFF'S COMPLAINT**
14       vs.                               )
                                           )
15 GEOFFREY BYRUCH,                        )
                                           )
16                   Defendant.            )
17                                         )
                                           )
18 _____)

19
         Defendant GEOFFREY BYRUCH answers and responds to plaintiff's complaint as follows:
20
                          **GENERAL ALLEGATIONS**
21
         1.     Paragraph 1 the Complaint contains conclusory allegations to which no answer is
22
   necessary.  If an answer is necessary, Defendant denies the conclusory allegations in Paragraph 1.
23
   Defendant denies that he made or continues to make statements regarding Plaintiff that are or were
24
   malicious or defamatory.  Defendant further denies that he made or continues to make statements
25
   regarding Plaintiff that are false.
26
         2.     Paragraph 2 of the Complaint contains conclusory allegations to which no answer is
27
   necessary.  If an answer is necessary, Defendant denies the conclusory allegations in Paragraph 2.
28

1   Defendant further denies that Plaintiff suffered any damage, legally compensable or otherwise, as a

2   result of Defendant's conduct.  With regard to Plaintiff's allegation that he suffered a specific amount of

3   damages, Defendant is without knowledge and information sufficient to form a belief as to the basis for

4   any amount claimed, and on that basis, denies those allegations.

5           3.      Defendant is without knowledge and information sufficient to form a belief as to the truth

6   or falsity of the allegations contained in Paragraph 3 of the Complaint concerning Plaintiff's state of

7   residence or state of employment, and on that basis, denies the allegations.  Assuming that plaintiff's

8   employer is or was Plasma Arc Technologies, Defendant admits that it has a business location in the

9   state.

10          4.      Paragraph 4 of the Complaint contains conclusory allegations to which no answer is

11  necessary.  If an answer is necessary, Defendant denies the conclusory allegations in Paragraph 1.  To the

12  extent that Paragraph 4 contains factual allegations, Defendant responds as follows:  Defendant admits

13  that he has traveled to California, that he visited the company that Plaintiff claims is his employer, and

14  that he was introduced to Plaintiff.  Defendant denies all other allegations of Paragraph 4.

15                           **COUNT I – SLANDER PER SE**

16          5.      Defendant refers to, and by this reference incorporates herein, his responses to

17  Paragraphs 1 through 4 of the Complaint.

18          6.      Paragraph 6 of the Complaint contains conclusory allegations to which no answer is

19  necessary.  If an answer is necessary, Defendant denies the conclusory allegations in Paragraph 6.

20          7.      Defendant is without knowledge and information sufficient to form a belief as to the truth

21  or falsity of the allegations contained in Paragraph 7 of the Complaint concerning Plaintiff's workplace,

22  and on that basis, denies the allegations.  Assuming that Plaintiff's workplace is or was Plasma Arc

23  Technologies, Defendant admits that he visited the company and that he was introduced to Plaintiff.

24          8.      Defendant denies the allegations contained in Paragraph 8 indicating that Defendant

25  made any defamatory statements regarding Plaintiff.  Defendant is without knowledge and information

26  sufficient to form a belief as to the identity of the unnamed individuals referenced in Paragraph 8.

27  Regardless, Defendant denies the allegations contained in Paragraph 8.

28          9.      Defendant denies the allegations contained in Paragraph 9 indicating that Defendant

1  made any defamatory statements regarding Plaintiff.

2      10.    Defendant denies the allegations contained in Paragraph 10 indicating that Defendant

3  made any defamatory statements regarding Plaintiff.

4      11.    Defendant denies the allegations contained in Paragraph 11 indicating that Defendant

5  made any defamatory statements regarding Plaintiff.  Defendant is without knowledge and information

6  sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11, and on

7  that basis denies the allegations.

8      12.    Defendant denies the allegations contained in Paragraph 12 indicating that Defendant

9  made any defamatory statements regarding Plaintiff.  Defendant is without knowledge and information

10  sufficient to form a belief as to the remaining allegations in Paragraph 12, and on that basis, denies the

11  allegations.

12      13.    Defendant denies the allegations contained in Paragraph 13 indicating that Defendant

13  made any defamatory statements regarding Plaintiff.

14      14.    Defendant denies the allegations contained in Paragraph 14 that Defendant made any

15  defamatory statements regarding Plaintiff.  Defendant further denies that Plaintiff has suffered legally

16  compensable damages as the result of any conduct by Defendant.

17      15.    Defendant denies the allegations contained in Paragraph 15 that Defendant made any

18  defamatory statements regarding Plaintiff.  Defendant further denies that Plaintiff has suffered legally

19  compensable damages as the result of any conduct by Defendant.

20      16.    Defendant denies the allegations contained in Paragraph 16 that Defendant made any

21  defamatory statements regarding Plaintiff.

22      17.    Defendant denies the allegations contained in Paragraph 17 that Defendant made any

23  defamatory statements regarding Plaintiff.  Defendant further denies that Plaintiff has suffered legally

24  compensable damages as the result of any conduct by Defendant.   Defendant is without knowledge and

25  information sufficient to form a belief as to the remaining allegations in Paragraph 17 concerning the

26  amount of Plaintiff's alleged damages, and on that basis, denies the allegations.

27  ////

28  ////

1

**COUNT II – SLANDER PER QUAD**

2      18.      Defendant refers to, and by this reference incorporates herein, his responses to

3  Paragraphs 1 through 17 of the Complaint.

4      19.      Paragraph 19 of the Complaint contains conclusory allegations to which no answer is

5  necessary.  If an answer is necessary, Defendant denies the conclusory allegations in Paragraph 19.

6      20.      Defendant is without knowledge and information sufficient to form a belief as to the truth

7  or falsity of the allegations contained in Paragraph 20 of the Complaint concerning Plaintiff's

8  workplace, and on that basis, denies the allegations.  Assuming that Plaintiff's workplace is or was

9  Plasma Arc Technologies, Defendant admits that he visited the company and that he was introduced to

10  Plaintiff.

11      21.      Defendant denies the allegations contained in Paragraph 21 indicating that Defendant

12  made any defamatory statements regarding Plaintiff.  Defendant is without knowledge and information

13  sufficient to form a belief as to the identity of the unnamed individuals referenced in Paragraph 21.

14  Regardless, Defendant denies the allegations contained in Paragraph 21.

15      22.      Defendant denies the allegations contained in Paragraph 22 indicating that Defendant

16  made any defamatory statements regarding Plaintiff.  Defendant is without knowledge and information

17  sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22, and on

18  that basis, denies the allegations.

19      23.      Defendant denies the allegations contained in Paragraph 23 indicating that Defendant

20  made any defamatory statements regarding Plaintiff.  Defendant is without knowledge and information

21  sufficient to form a belief as to the remaining allegations in Paragraph 23, and on that basis, denies the

22  allegations.

23      24.      Defendant denies the allegations contained in Paragraph 24 indicating that Defendant

24  made any defamatory statements regarding Plaintiff.

25      25.      Defendant denies the allegations contained in Paragraph 25 that Defendant made any

26  defamatory statements regarding Plaintiff.  Defendant further denies that Plaintiff has suffered legally

27  compensable damages as the result of any conduct by Defendant.

28

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

As a separate defense to the complaint and to each cause of action therein, Defendant alleges that Plaintiff has failed to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Improper Venue -- 28 U.S.C. § 1391)

Venue is improper in this Court under 28 U.S.C. § 1391 because Defendant does not reside in the judicial district, and because a substantial part of the events or omissions giving rise to the claim did not occur in the district.  Defendant objects to venue in this judicial district.

**THIRD AFFIRMATIVE DEFENSE**

(Improper Venue -- 28 U.S.C. § 1404)

Defendant objects to venue in this judicial district, and asserts that the case should be transferred to the district in which a substantial part of the events or omissions giving rise to the claim occurred, and in which Defendant and witnesses reside.

**FOURTH AFFIRMATIVE DEFENSE**

(Multidistrict Litigation -- 28 U.S.C. § 1407)

Because this case is one of several related actions and controversies involving one or more common questions of fact, Defendant objects to venue in this judicial district, and asserts that the case should be transferred for coordination or consolidation to a common judicial district for purposes of multidistrict litigation.

**FIFTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations, California Code of Civil Procedure section 340(c).

**SIXTH AFFIRMATIVE DEFENSE**

(Laches)

Plaintiff unreasonably delayed in bringing this action against Defendant and such delay prejudiced

1  Defendant, and therefore, this action against Defendant is barred by the doctrine of laches.

2  **SEVENTH AFFIRMATIVE DEFENSE**

3  (Estoppel)

4  Plaintiff's claims are barred by the doctrine of estoppel.

5  **EIGHTH AFFIRMATIVE DEFENSE**

6  (Unclean Hands)

7  Plaintiff lacked clean hands with respect to the transaction or transactions alleged in the Complaint

8  and is therefore not entitled to invoke the equity jurisdiction of this Court.

9  **NINTH AFFIRMATIVE DEFENSE**

10  (Waiver)

11  Plaintiff's claims are barred by Plaintiff's waiver of such claims.

12  **TENTH AFFIRMATIVE DEFENSE**

13  (Freedom of Speech)

14  Plaintiff's claims may be barred in whole or in part by the First Amendment to the United States

15  Constitution and Article 1, Section 2 of the Constitution of the State of California.

16  **ELEVENTH AFFIRMATIVE DEFENSE**

17  (Opinion)

18  Plaintiff has failed to state a cause of action against him in that the statements alleged to be

19  defamatory are expressions of opinion.

20  **TWELFTH AFFIRMATIVE DEFENSE**

21  (Truth)

22  Plaintiff has failed to state a cause of action against him in that the statements alleged to be

23  defamatory, if they were made, are substantially true.

24  **THIRTEENTH AFFIRMATIVE DEFENSE**

25  (Reasonable Belief as to Truth of Matters Stated)

26  Plaintiff has failed to state a cause of action against him in that the statements alleged to be

27  defamatory, if they were made, were reasonably believed to be true at the time they were made.

28

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

(Privilege)

3        All statements, actions or omissions attributable to Defendant, if they were made, were

4  privileged or justified under California and New York law, including California Code of Civil Procedure

5  Section 47.

6

## FIFTEENTH AFFIRMATIVE DEFENSE

7

(Consent)

8        Plaintiff's purported causes of action are barred in whole or in part because Plaintiff consented to

9  any alleged actions, statements or omissions attributable to Defendant.

10

## SIXTEENTH AFFIRMATIVE DEFENSE

11

(Lack of Requisite Intent)

12        Defendant lacked the requisite intent required by the alleged causes of action.

13

## SEVENTEENTH AFFIRMATIVE DEFENSE

14

(Public Matter of Concern)

15        Plaintiff has failed to state a cause of action against him in that the statements alleged to be

16  defamatory, if they were made, are fair comments that are related to a matter of public concern and thus

17  are constitutionally protected under California Code of Civil Procedure Section 425.16.

18

## EIGHTEENTH AFFIRMATIVE DEFENSE

19

(No Injury to Plaintiff)

20        Plaintiff was not injured by any acts or statements made by Defendant.

21

## NINETEENTH AFFIRMATIVE DEFENSE

22

(Speculative Damages)

23        Plaintiff's alleged damages, if any, are too speculative and/or remote and/or impossible to prove

24  and/or allocate.

25

## TWENTIETH AFFIRMATIVE DEFENSE

26

(Failure to Mitigate Damages)

27        Plaintiff's claims are barred to the extent that Plaintiff failed to mitigate his damages, if any.

28

1

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

2

(Damages Caused by Others)

3      Should it be determined that Plaintiff has been damaged, then said damages were proximately

4   caused by Plaintiff's own conduct or by the actions of others.

5

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

6

(Failure to State Punitive Damages Claim)

7      Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the

8   complaint on the ground that Defendant has at all relevant times acted in a proper, lawful and legally

9   permitted fashion without malice, fraud or oppression.

10

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

11

(Frivolous Action)

12      The causes of action alleged against Defendant are frivolous, unreasonable, and groundless.

13

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

14

(Right to Modify or Amend)

15      Defendant has not yet completed thorough investigation and study or completed discovery as to

16   all the facts and circumstances of the subject matter of this action, and accordingly reserves the right to

17   amend, modify, revise or supplement this answer, and to plead such further defenses and to take such

18   further action as Defendant may deem proper and necessary in the defense of this action.

19

20

21

22   ////

23   ////

24   ////

25

26

27

28

1

**PRAYER**

2      WHEREFORE, Defendant prays judgment as follows:

3              1.      Plaintiff take nothing by the complaint;

4              2.      For costs of suit;

5              3.      For reasonable attorney's fees incurred in this action; and

6              4.      For such other and further relief as the Court deems just and proper.

7

8   Dated: November 1, 2011                              GORDON-CREED, KELLEY,
                                                         HOLL & SUGERMAN, LLP,
9

10

11                                          By:      _____*/s/ Jeremy Sugerman*_____
                                                     Jeremy Sugerman
12                                                   Attorneys for Defendant
                                                     GEOFFREY BYRUCH
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## PROOF OF SERVICE BY MAIL
**[CCP Secs. 1011, 2015.5]**

3

4          I declare that I am employed in the City and County of San Francisco, California.  I am over the

5     age of 18 years and not a party to the within action; my business address is 222 Kearny Street, Suite 650,

6     San Francisco, California 94108.

7          On November 1, 2011, I served the within **ANSWER TO PLAINTIFF'S COMPLAINT** on the

8     parties in the within action at the address below listed by mailing true copies thereof with the U.S. Postal

9     Service, first class mail, in a sealed envelope with postage affixed thereon, as follows:

10

11    John Leufray
      7365 Sherman Hoyt Avenue
12    Twenty-Nine Palms, California  92277

13

14          I am readily familiar with the firm's practice for collection and processing of correspondence for

15    mailing with the United States Postal Service and that the above-referenced documents were deposited

16    with the United States Postal Service for collection and processing on that date, in the ordinary course of

      business.

17          I declare under penalty of perjury under the laws of the State of California that the foregoing is

18    true and correct and that this Declaration was executed on November 1, 2011, at San Francisco,

19    California.

20

21

22                                    _/s/ Linda J. Halperin_
23                                    Linda J. Halperin

24

25

26

27

28